UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4124**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TONY JEROME MURPHY,

Defendant - Appellant.

**No. 16-4125**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TONY JEROME MURPHY,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:12-cr-00095-D-1; 7:15-cr-00082-D-1)

Submitted: May 3, 2017                    Decided: May 11, 2017

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

No. 16-4124 affirmed; No. 16-4125 dismissed by unpublished per curiam opinion.

Brian Michael Aus, Durham, North Carolina, for Appellant. Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Jerome Murphy pled guilty, pursuant to a written plea agreement, to possession with intent to distribute 28 grams or more of cocaine base, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(B) (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). The district court imposed a within-Guidelines sentence of 266 months' imprisonment. The district court also imposed a 24-month sentence, to run consecutive to his 266-month prison term, because Murphy committed the offenses while on supervised release. On appeal, Murphy's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred when it sentenced Murphy as a career offender and when it sentenced Murphy to a 24-month term for violating the terms of his supervised release.

Following our review of the record, we ordered merits briefing, directing the parties to address whether federal bank robbery and assault on a federal official with a dangerous weapon constituted crimes of violence for career offender sentencing. The Government now moves to dismiss the appeal pursuant to the appellate waiver provision in Murphy's plea agreement. Murphy opposes the motion. For the reasons that follow, we grant the Government's motion and dismiss the appeal in No. 16-4125. We affirm the revocation of Murphy's supervised release and corresponding 24-month sentence in No. 16-4124.

We review de novo the issue of whether a defendant validly waived his right to appeal. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Where, as here, the

3

Government seeks to enforce the appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

A defendant's waiver of appellate rights is valid if he entered it "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). Generally, if the district court fully questions a defendant regarding the waiver provision during the Fed. R. Crim. P. 11 colloquy, the waiver is valid and enforceable. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005).

In his plea agreement, Murphy waived his right to appeal both his conviction and sentence, "including any issues that relate to the establishment of the advisory Guideline range." Murphy reserved only his right to appeal from a sentence in excess of that Guideline range and to raise certain claims of ineffective assistance of counsel and prosecutorial misconduct. The language of the waiver is clear and unambiguous, and our review of the record shows that the district court questioned Murphy about the waiver and he understood its full significance. We therefore conclude that Murphy's waiver is valid and enforceable.

Murphy argues, however, that the Government waived its right to enforce the appellate waiver because, in its prior correspondence with this court, the Government did not state that it intended to file a motion to dismiss the appeal. The Government previously moved to suspend briefing and place Murphy's case in abeyance for *Beckles v. United States*, No. 15-8544. We granted the Government's motions. After the Supreme Court

4

issued its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Government moved to dismiss the appeal pursuant to the appellate waiver in Murphy's plea agreement. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007). We conclude that, based on this series of events, the Government did not waive its right to move to dismiss this appeal pursuant to the appellate waiver.

Of course, even a valid appeal waiver does not preclude all appeals. An appeal waiver does not, for example, bar the appeal of a sentence imposed in excess of the statutory maximum, *United States v. General*, 278 F.3d 389, 399 n.4 (4th Cir. 2002), the right to appeal a sentence based on a constitutionally impermissible factor such as race, *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992), or proceedings conducted in violation of the Sixth Amendment right to counsel after entry of the guilty plea, *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994). Nor does an appeal waiver bar an appeal as to matters outside the scope of the waiver. *Blick*, 408 F.3d at 168.

Murphy seeks to appeal his classification as a career offender based on two predicate offenses. The United States Code allows a criminal defendant to appeal a sentence imposed "as a result of an incorrect application of the Sentencing Guidelines." 18 U.S.C. § 3742(a)(2) (2012). A defendant can, of course, agree to waive this statutory right to appeal, as Murphy did in his plea agreement. Thus, his appeal concerning the calculation of the applicable Guidelines range falls within the scope of his appeal waiver. *Copeland*, 707 F.3d at 529; *see also United States v. Brown*, 232 F.3d 399, 404 (4th Cir. 2000)

5

(challenge to career offender classification fell within scope of appeal waiver because defendant waived right to appeal whatever sentence the court imposed).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Murphy knowingly and voluntarily waived his right to appeal and that the issue Murphy seeks to raise on appeal falls squarely within the compass of his waiver of appellate rights. Accordingly, we grant the Government's motion to dismiss Murphy's appeal regarding his conviction and 266-month sentence.

Murphy also seeks to appeal the 24-month sentence that he received following the revocation of his supervised release. As that issue pertains to a separate conviction and sentence, the waiver in his plea agreement does not bar him from challenging that judgment on appeal. "A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). We conclude that the district court did not err when it revoked Murphy's supervised release for his admitted violations and sentenced him to a 24-month term. We therefore affirm the district court's decision regarding Murphy's supervised release revocation and sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds remain for appeal. This court requires that counsel inform Murphy, in writing, of the right to petition the Supreme Court of the United States for

further review.  If Murphy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Murphy.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 16-4124 *AFFIRMED*
No. 16-4125 *DISMISSED*

7